O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMANUEL W. HAWKINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. SOTO (WARDEN),<br><br>　　　　Respondent. | NO. CV 14-9957-RT (MAN)<br><br>ORDER: SUMMARILY DENYING AND DISMISSING PETITION; AND DENYING CERTIFICATE OF APPEALABILITY |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the proposed Order by the United States Magistrate Judge. The court rules as follows:

　　　　On October 23, 2014, Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Northern District of California. On December 19, 2014, the Petition was transferred to this District and formally filed in this Court on December 31, 2014.

　　　　Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted and, moreover, that the sole claim alleged is not cognizable. Therefore, the Petition must be dismissed.

Petitioner currently is serving a Three Strikes sentence of 35 years to life following his 2004 conviction in Los Angeles Superior Court Case No. YA057428. (Petition at 1.) Petitioner was convicted of violating California Penal Code § 459 -- first degree burglary -- with "special findings by the jury that another person, not an accomplice, was present during the commission of the offense (Pen. Code, § 667.5, subd. (c)(21))," and in a bifurcated proceeding, he was found to have "suffered two prior serious or violent felony convictions (§§ 667, subds.(a)(1) & (b)-(i), 1170.12, subds. (a)-(d)) and [to have] served six prior separate prison terms within the meaning of section 667.5, subdivision (b)." People v. Hawkins, 2005 WL 2211122, at *1 (Cal. App. Sept. 13, 2005). (*See also* Petition at 2 and attached July 9, 2013 trial court order.) Petitioner's 2004 conviction was affirmed on appeal. *See* Hawkins, *supra*.

In violation of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition fails to state any claim for habeas relief; the "Ground for Relief" section of the Petition has been left blank. However, Petitioner has attached to the Petition a copy an unsigned "Petition for Rehearing for Sentence Reduction Pursuant to Proposition 36," which is addressed to the state trial court and dated December 17, 2013 ("Proposition 36 Petition"). Construing the Petition liberally, the Court assumes that Petitioner intends to raise as his federal habeas claim the argument set forth in the Proposition 36 Petition, *i.e.,* that his sentence should be recalled and he should be resentenced pursuant to California Penal Code § 1170.126.[1]

---

[1] California Penal Code § 1170.126 ("Section 1170.126") went into effect on November 7, 2012. Section 1170.126 "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." People v. Yearwood, 213 Cal. App. 4th 161, 168 (2013).

On July 9, 2013, the trial court denied Petitioner's Section 1170.126 request on the ground that Petitioner's "current offense of first degree burglary with another person present, other than an accomplice, during the commission of the offense . . . is a violent felony pursuant to Penal Code section 667.5(c)(21), therefore making [Petitioner] ineligible for resentencing pursuant to Penal Code section 1170.126." (Petition, attached copy of the trial court's July 9, 2013 order.) Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the California website of electronic dockets available for the California Court of Appeal and the California Supreme Court, which shows that, after the trial court denied Petitioner's Section 1170.126 request, Petitioner did *not* seek relief in the California Court of Appeal or the California Supreme Court. Indeed, Petitioner does not allege that he has done so. (Petition, *passim*.)

The Petition is unexhausted, because Petitioner has not raised his present claim in the state's highest court. *See, e.g.,* 28 U.S.C. § 2254(b)(1)(A); Baldwin v. Reese, 124 S. Ct. 1347, 1349 (2004) (a state prisoner must exhaust his available state remedies before seeking federal habeas relief by fairly presenting his claim to a state supreme court having the power of discretionary review); Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982). Because the Petition is fully unexhausted, dismissal is required. *Id.* at 1205.[2] Although an unexhausted petition normally is dismissed without prejudice, in this instance, dismissal with prejudice is warranted, because the Petition does not state a cognizable claim and could not do so even were leave to amend afforded.

---

[2] Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) (internal citations omitted). It is well-settled that federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241, 2254; *see also* Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (*per curiam*) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted); Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) (*per curiam*) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. *See* Lewis v. Jeffers, 110 S. Ct. 3092, 3102 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 113 S. Ct. 528, 536 (1992). Petitioner does not allege a tenable claim of such a due process violation here,[3] nor could he do so, because the Petition, on its face, shows there was neither state sentencing error nor arbitrariness.

---

[3]   Indeed, the Petition does not allege *any* violation of federal law or the United States Constitution. For this reason alone, no cognizable federal habeas claim has been stated.

4

1    Section 1170.126(b) permits petitions to recall sentences only for those prisoners whose convictions are for "a felony or felonies that [is/]are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." *See also* Section 1170.126(e)(1) (an inmate is "eligible for resentencing" only if his conviction is for a felony that is not defined as a serious and/or violent felony under Section 667.5(c) or Section 1192.7(c)). Petitioner's underlying first degree burglary offense plainly constituted a "violent" felony at the time Section 1170.126 was enacted, as the state trial court found. *See* California Penal Code § 667.5(c)(21).

Petitioner concedes that the "violent" nature of his current Three Strikes offense renders him "ineligible for resentencing pursuant to Penal Code Section 1170.126." (Proposition 36 Petition at 1.) Nonetheless, he contends that, before denying his Section 1170.126 request, the trial court should have applied various factors set forth in Section 1170.126(g)(1) to determine his eligibility for resentencing. (*Id.* at 1-2.) This contention is frivolous. The Section 1170.126(g)(1) factors *only* come into play once the trial court has determined -- pursuant to Section 1170.126(b) and (f) -- that a prisoner *is* eligible for Section 1170.126 recall and resentencing. Under Section 1170.126(b) and (f), a prisoner, such as Petitioner, whose current offense is a "violent" one, simply is ineligible for sentence recall and resentencing, and thus, the discretionary factors of Section 1170.126(g)(1) could not be considered.

This federal habeas court is bound by the state trial court's conclusion that California law forbids affording Section 1170.126 relief to Petitioner. *See* <u>Bradshaw v. Richey</u>, 548 U.S. 74, 76 (2005) (*per curiam*). No state sentencing error occurred when the trial court denied Petitioner's petition to recall his sentence, and there was nothing arbitrary or capricious in the trial court's finding that Petitioner's conviction constitutes a "violent" felony for purposes of application of Section 1170.126 and, thus, rendered his Three Strikes sentence ineligible for recall.

Accordingly, for the foregoing reasons, it is ORDERED that the Petition shall be DENIED

AND DISMISSED WITH PREJUDICE.  In addition, the Court concludes that a certificate of appealability is unwarranted in this case, because Petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determination that the Petition is not cognizable.  Thus, a certificate of appealability is DENIED.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:    February 12, 2015  .

ROBERT J. TIMLIN
  ROBERT J. TIMLIN
  UNITED STATES DISTRICT JUDGE

PRESENTED BY:

*Margaret A. Nagle*
  MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE